# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOYCE WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-cv-0229-MJR |
| ) | |
| HALE HALSELL COMPANY and ) | |
| GIT-N-GO, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND O R D E R

**REAGAN, District Judge:**

On March 21, 2006, Plaintiff Joyce Weaver filed suit in this Court against Defendants Hale Halsell Company and Git-N-Go, Inc. Weaver alleged that, on March 21, 2004, she was injured in a slip-and-fall accident at the Git-N-Go in Joplin, Missouri. On April 13, 2007, Git-N-Go, Inc., filed a motion to dismiss (Doc. 8), alleging that it had no contacts with Illinois in March, 2006, which would have subjected it to personal jurisdiction and that venue is improper. Weaver failed to file a response or answering brief, and, on May 24, 2007, the Court dismissed this action, without prejudice, as to Defendant Git-N-Go, Inc.

On June 13, 2007, Defendant Hale Halsell Company filed a motion to stay pursuant to 11 U.S.C. § 362(a), advising the Court that it had filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code. On July 24, 2007, the Court granted Hale Halsell's motion and stayed this action. The Court directed counsel of record herein to submit a report on October 19, 2007, advising the Court of the status of the bankruptcy proceeding and whether the stay could be lifted.

The October deadline passed and no status report was filed. The Court ordered counsel to file a status report, on or before October 30, 2007, in order to avoid the issuance of a show

cause order. On Weaver's motion, the Court granted an extension of time to November 15, 2007. The November 15th deadline also passed with no status report filed. The Court ordered the parties to file a joint status report on or before November 30, 2007, in order to avoid issuance of a show cause order. The Court stated, "Absent extraordinary circumstances, no further continuance will be granted."

On November 20, 2007, Hale Halsell filed a status report, indicating that efforts to contact Weaver's counsel with regard to filing a joint status report were unavailing. Hale Halsell informed the Court that it had been effectively discharged in bankruptcy.

On November 26, 2007, the Court entered its Order directing Weaver to show cause on or before December 17, 2007, why this action should not be dismissed for failure to comply with the Court's Orders. Thus, the Court plainly warned Weaver that failure to show cause could result in dismissal of her action.

The Court waited more than two weeks after the December 17th deadline, expecting to receive either a response showing cause why this action should not be dismissed or a motion for extension of time to file a response. As of this date, January 3, 2008, Weaver has filed neither such pleading.

Accordingly, the Court **DISMISSES** this case, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(b)**, based on Weaver's failure to comply with the Court's Orders and her failure to prosecute this action. Dismissal shall be *without prejudice*.

**IT IS SO ORDERED.**

**DATED this 3rd day of January, 2008**

                                                  **s/Michael J. Reagan**
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**